IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **JIM ARNOTT, in the official capacity as Sheriff of Greene County, Missouri, and GREENE COUNTY, MISSOURI,** )<br>)<br>)<br>)<br>**Plaintiffs,** )<br>)<br>vs. )<br>)<br>**ADVANCED CORRECTIONAL HEALTHCARE, INC.,** )<br>)<br>)<br>**Defendant.** )<br>) | Case No. 6:22-cv-03193-MDH |

## ORDER

Before this Court is Plaintiffs Jim Arnott and Greene County, Missouri's ("Plaintiff's") Motion to Remand. (Doc. 5). Defendant Advanced Correctional Healthcare, Inc. ("Defendant") has responded (Doc. 9), and Plaintiffs have replied in turn. (Doc. 10). The Court has reviewed all briefing. For reasons herein, Plaintiff's Motion to Remand is **GRANTED**. It is **FURTHER ORDERED** the above-captioned case is remanded to the Circuit Court of Greene County, Missouri.

## BACKGROUND

Plaintiff's complaint claims state law violations arising from an alleged breach of a contract the parties entered into during 2017. (Doc. 1-1 at 3, 26). The contract at issue is for provision of medical services to inmates housed within the Greene County Jail in Springfield, Missouri. (Doc. 1-1 at 3). After Plaintiff served Defendant, Defendant removed the matter to this Court based on

1

diversity jurisdiction. (Doc. 1 at 2). The present dispute concerns the enforcement of a forum selection clause in the contract at issue. The relevant language within that clause is as follows.

> 3.15 Legal Actions: Legal actions concerning any dispute, claim, or matter arising out of or in relation to this Agreement shall be instituted and maintained in an appropriate court with jurisdiction in the Circuit Court in Greene County, Missouri, and all the Parties agree to submit to the personal jurisdiction of such court. Doc. 1-1 at 47.

Plaintiff claims the above language reflects that parties agreed for any dispute to be brought and litigated only in Circuit Court in Greene County, Missouri. Defendant argues the language allows but does not require disputes to be litigated in Greene County Circuit Court, further contending the forum selection clause does not preclude litigation in federal courts in Greene County.

**STANDARD**

The Supreme Court has noted that a forum selection clause, "should control absent a strong showing that it should be set aside." *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15 (1972). "Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." M.*B. Restaurants, Inc. v. CKE Restaurants, Inc.,* 183 F.3d 750, 752 (8th Cir. 1999). Interpreting Missouri law, the Eighth Circuit has held, "proponents of federal jurisdiction bear 'the burden to establish federal subject matter jurisdiction,' and 'all doubts about federal jurisdiction must be resolved in favor of remand.'" *Moore v. Kansas City Pub. Sch.,* 828 F.3d 687, 691 (8th Cir. 2016) (citations omitted). The Eighth Circuit, however, has also noted that "waiver of the right to remove must be 'clear and unequivocal.'" *Weltman v. Silna*, 879 F.2d 425, 427 (8th Cir. 1989) (citations omitted). Courts also look to whether the contract language at issue employs specific words suggesting exclusivity like, "exclusive," "only," or "must." *Dunne v. Libbra*, 330 F.3d 1062, 1064 (8th Cir. 2003).

2

# ARGUMENT

## I. Existence of a Contract

As Plaintiff argues, this Court must make a threshold finding that a contract exists before examining the specific language of the forum selection clause. *Evolution Online Sys., Inc. v. Koninklijke PTT Nederland N.V.*, 145 F.3d 505, 509 (2d Cir. 1998); *OHM Hotel Grp., LLC v. Dewberry Consultants, LLC*, No. 4:15-CV-1705 CAS, 2016 WL 427959, at *3 (E.D. Mo. Feb. 4, 2016). In *OHM Hotel*, to identify whether the Plaintiff made the threshold showing of the existence of a valid, enforceable contract, the Court looked to whether the complaint included a copy of the alleged contract signed by parties to the dispute. Here, Plaintiff's complaint includes a copy of the purported contract, which features signatures from representatives of both parties to this lawsuit. (Doc. 1-1). Further, unlike the defendants in *OHM Hotel*, the record in this matter lacks evidence suggesting Defendant challenges the existence of the contract at issue. (Doc. 8 at ¶ 6). Therefore, this Court finds Plaintiffs have sufficiently alleged the existence of a contract for purposes of allowing this Court to make a determination about enforcement of the contract's forum selection clause.

## II. Language of the Forum Selection Clause is Clear and Unequivocal

Disagreement between parties concentrates on the meaning and effect of the word "maintained" as used within the contract's forum selection clause. Defendants argue the language lacks a waiver of federal jurisdiction because the language is not sufficiently "clear and unequivocal," as required by the Eighth Circuit. (Doc. 9 at 2-3). Plaintiff argues the plain meaning of the phrase "initiated and maintained" reflects an intent by the parties at the time of contracting

to not only begin any action within Missouri state court in Greene County, but also to keep any disputes in such a court. (Doc. 6 at 4-7). Plaintiff also argues the Supreme Court has clarified that, "to maintain a suit is to uphold, continue on foot and keep from collapse a suit already begun." *George Moore Ice Cream Co. v. Rose*, 289 U.S. 373, 377 (1933). (citations omitted).

This Court agrees with Plaintiffs. It is clear the use of the word "maintained" in the present matter reflects an intent that Greene County Circuit Court would serve as the sole and exclusive venue for any dispute arising under this contract. First, this is consistent with the Supreme Court's instruction that the act of "maintaining" a lawsuit means in part to "uphold" and "continue" that suit. The contract language is sufficiently clear that any suit must be *initiated* in a Circuit Court in Greene County, Missouri. For a suit to be *maintained*, therefore, requires that suit to continue within that court. Second, apart from continuance of the lawsuit in Greene County Circuit Court, there is no clear alternate meaning to the word "maintained." Defendant fails to offer any alternative description of what "maintained" could reasonably mean in the context of the forum selection clause. Third, the clause employs specific language clearly suggesting exclusivity. The contract, for example, dictates any suit "*shall* be instituted and maintained." (emphasis added). The use of the word "shall," rather than a more permissive word like "may," reflects a strict command contemplating a singular venue: Greene County Circuit Court. The contract language makes clear that "shall" applies to both the *initiation* of the suit as well as its *maintenance* in Greene County Circuit Court. The clause's failure to specifically use some form of the word "exclusive" does not reasonably cast doubt on the singular intent of the phrase "shall be instituted and maintained." Finally, Defendant appears to argue some vagueness exists in the phrase "appropriate court with jurisdiction in the Circuit Court in Greene County," so to include a federal court sitting in Greene County. This is simply reading too much into the language in question. The

4

phrase "Circuit Court in Greene County" leaves no doubt the parties intended to refer to Missouri state courts in Greene County, not federal courts located in the same county. It is unreasonable to suggest one intended "Circuit Court in Greene County, Missouri" to include a United States District Court for the Western District of Missouri that happens to be located in Greene County, Missouri.

## CONCLUSION

For foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**. This case is hereby remanded to Greene County Circuit Court for further proceedings.

**IT IS SO ORDERED.**

Dated: February 14, 2023                              */s/ Douglas Harpool*
                                                      **DOUGLAS HARPOOL**
                                                      **United States District Judge**